After the next case in the calendar, Hotel Services, LLC, FSR International Hotel, Inc. v. Staley et al., 23770-23771. Thank you so much. Thank you. Thank you. Okay, it's quiet now. Good morning, Your Honors, and may it please the Court, Kathryn Lundy of Venable on behalf of the Warner defendants. We're here today on the district court's order denying our motion to compel arbitration, and we respectfully submit the order should be reversed. Here, there is no dispute that there is a valid arbitration agreement. There is also no dispute that each of the plaintiffs concede that they are bound by its terms. Plaintiffs also concede in their opposition to this appeal that each of their claims relate to the termination of employment. The only question before the district court was one of arbitrability and whether or not plaintiffs' claims fell within the scope of that valid agreement. In determining this threshold question, the district court delved into the merits of this case, which as we know from AT&T Technologies, that was an error. So what is the issue and dispute here? What are the merits of this case? Well, that's a dispute over legal labels. Plaintiffs' allegations consistently and each allege that they were purportedly terminated from their employment, but characterize that termination as a permanent layoff with no right of recall. Vanessa, are you saying that four years later, since March 2024, they're still temporarily laid off? I mean, is that ultimately what your position is, that that's a temporary situation? Yes, Your Honor. How do we prevent employers from saying that 20 years is a temporary layoff or 40 years is a temporary layoff? What is the upper limit for making sure that there's not an abuse? Your Honor, I would argue that that determination of the facts goes to the merits of the case that belongs in arbitration. You just said it was a threshold issue about whether or not the arbitration agreement even applies. The threshold issue of arbitrability is whether or not the claims relate to a termination of employment. And based upon each of the allegations in the complaint, it is clear that it does. Whether or not that termination of employment, as plaintiffs allege, actually is appropriately characterized as a permanent layoff of no right of recall is the merits of this case. That is what an arbitrator is required to decide. But I thought the threshold question is whether the terms of the arbitration agreement should be read to push the arbitrability question to the arbitrator. That's, I thought, the threshold question. And I thought the question is not delving into permanent layoff and all that, but whether this is a narrowly drawn arbitration clause with lots of exclusions, notwithstanding the incorporation of the AAA rules or a broad one. And I thought that the district court's analysis did not begin with the merits, but rather with a construction of the arbitration clause as one that's narrow with lots of exceptions or a broad one. So isn't that the question at the threshold? No, Your Honor, it is not. The threshold question of arbitrability is whether or not the claims relate to a termination of employment. The characterization of that termination of employment goes to the merits. And the reason it goes to the merits is because if that label is correct, if plaintiffs are accurate and they were permanently laid off, then they are entitled to no fault separation pay. The Warner defendants don't agree. And you didn't give it to them, right? We did not give it to them. That's the crux of our dispute. So you can withhold it and then you just redefine it that way? Don't you have it exactly backwards? I mean, this is, again, getting into the merits. But I guess I want to step back here. I thought that the analysis of an arbitration agreement is that we have to figure out, as a matter of contract, whether the parties both agreed to kick the arbitrability question to the arbitrators, right? Isn't that the starting point? The question of delegation of arbitrability certainly is before this court. Isn't that the threshold question? The threshold question, however, whoever is delegated with the responsibility of arbitration, of arbitrability, whether it's the court or an arbitrator, we believe it should be the arbitrator because this is a broad provision and the AAA rules are incorporated here. But whoever gets to make that determination, whoever is delegated with that responsibility, we believe that it should be found that these issues, the allegations and the complaint, are subject to arbitration. Oh, I'm sorry. Okay. I thought threshold is the first thing we have to decide. That's when I say threshold. And I thought your first pitch was it's the arbitrators who should have been deciding arbitrability. But you've moved on to what I think is conceptually the second point, which is assuming that the district court was entitled to decide arbitrability, the district court then decided no, this question is not arbitrable. So you've moved on to what I think is the conceptually second point, not the first point. Is that- That's correct, Your Honor. Okay. That's what you're talking about here. Yes. Thank you. So turning to these labels, whether or not this allegation of termination of employment- Can I just ask before we go on, because I know you've split your time on that side. The two appellants, are you divvying up the issues in a particular way? Or are you both going to argue essentially the same thing? I think that we have split these issues fairly, so we will not be duplicating these issues. Why don't we hear from your co-counsel to see what issues are going to be raised there? Why don't we do that? Mr. Wagner, if you could maybe just tell us in one sentence, what's your half of the issues that you plan to tackle? I was going right to your initial question, Your Honor, which is the threshold question of arbitrability looking at the actual arbitration agreement. Were you going to look at the identity of who decides arbitrability, or were you going to talk about whether the claims are subject to arbitration? The latter. Okay. I think that's what you're- I'm taking it from a different perspective. We are a separate- We can start the clock. We can start the clock here. Okay. Thank you, Your Honor. You're free to argue whatever you want. I was just curious what your topic sentence was going to be. I appreciate that. So it's Paul Wagner for FSR. I think it's important to step back and look at this. This is not just an arbitration agreement or an arbitration clause. This is an enforceable employment agreement, a voluntary employment agreement that the plaintiffs all chose to enter. Well, I don't think there's any dispute that this is a valid agreement, it's enforceable. I think the only question is what does it mean. Okay. Let me go there. I don't think anybody's arguing that it's an invalid agreement. So why don't you just tell us what you think it means. Absolutely. It starts by listing individual claims, but then expands to a catch-all category that says that any claim arising from my termination, including constructive discharge, is subject to arbitration. But not no-fault termination. Not no-fault permanent layoff with no right of recall, but if you go to the actual- So some terminations are covered and some are not. That's right. But if you go to the actual no-fault separation policy, which is at Joint Appendix 118, it further clarifies by saying by accepting no-fault separation pay, this is the employee's voice and the first person, I am acknowledging my termination was no-fault and I am not entitled to challenge my termination through the mediation arbitration provision of care. Okay? So that never happened because the employer, the hotel, never said you're permanently laid off with no right of recall. Right, and that's why we're here. Correct. Because they are arguing that you are trying to have it both ways, where you are going to indefinitely put them in a position where they can't get separance, and then they can't, and they don't have anything to arbitrate. Or then everything that they have an objection to, they have to go to an arbitration without getting their separation pay. But, Your Honor, look more deeply into the complaint and the amended complaint. This is not just a breach of contract claim. This has multiple Warren Act claims under state and federal law, and interestingly, if you go to, and I'll give you the actual paragraph number, you go to paragraphs 316 and 333 of the amended complaint, they allege, and allegations matter in that threshold question of arbitrability, they allege four separate terminations of employment for each of the plaintiffs. And termination can come in two flavors. Right. Correct. Or no fault. Right. So if they say termination, that doesn't necessarily constitute your version of termination or at fault termination. It could just as well be consistent with no fault of termination, and considering they also make allegations that it's this kind of a permanent layoff, I don't see how you're saying that this is somehow their admission that you are right. If you look at the other allegations preceding the two paragraphs that I just cited, you will see factual allegations of wrongful, misleading conduct by the employer where they say each time the employer lied to the employees, the plaintiffs, about the true reason for the furlough, a new Warren Act violation occurred, thus necessitating a new 60-day Warren penalty. That is wrongful termination if I've ever seen it. And if you look back now, take a step back to the language of the – I'm sorry. Just to make sure that I understand it, your argument is because they are saying you violated the law, that that, by definition, is wrongful termination that gets you out of the arbitration agreement? Your Honor, it's much more than that. This is a novel theory under Warren. I've never seen it before, that each separate effective termination is a separate violation resulting in separate 60-day penalties per employee. That sounds like wrongful termination. Is that a colorable claim? I don't know, but it certainly sounds like wrongful termination. It's a novel claim, and that needs to be answered by an arbitrator. Let me just go back to what I think is your earlier claim, which is, if I'm understanding it right, that because they didn't get the separation pay, they weren't permanently laid off. Is that one of your arguments or no? It is one of my arguments. Let me ask you this, then. Yes. I'm going to posit a situation. Please. Under the contract, you can permanently lay people off, right? Correct. Okay. Let's say it's not you. It's another. This is a hypothetical situation with another different employer who has the identical contract relationship with their employees, right? So we're not impugning your client. They permanently lay off their employees. They then breach the agreement by not giving the separation pay. Okay? Follow me. Do they thereby always escape the arbitration clause by breaching their obligation to pay the separation pay? Are their claims forever non-arbitral or arbitral? Do you mean do they give up their right to demand arbitration? Is that not the question? No. Are they covered by the arbitration clause? That's probably a better way to say it. Okay. Right. But, again, my hypothetical, they have, in fact, permanently laid somebody off, but they have not paid severance pay because they're mean. They're malicious. They're spiteful. They're breaching the contract. They go home and cackle to themselves how they're not going to pay the separation pay. Depending on the allegations in the complaint, if that was a plain, straightforward, you have notified me that I am permanently laid off with no right of recall. No, no, no, no. Okay. Just to be clear, my hypothetical, they have permanently laid them off. They haven't said anything else, but they have just decided for themselves, notwithstanding the fact that they have been permanently laid off, we will choose not to pay them the separation compensation. In your hypothetical, I believe that it would be a reasonable interpretation that that breach of contract claim would not be compelled in arbitration. That's not what we have here. Please look carefully at this four-level Warren Act quadruple damages claim and all of the preceding wrongful allegations, and I'll give you the paragraphs. Well, I think we have your argument, and unless there's further questions from the panel, why don't we hear from the appellate. Each of you will have one minute. We'll hear from you again at the bottom. So why don't we hear from appellate. Thank you, Your Honor. May it please the court, Your Honors. My name is Evan Brewstein, and I represent the appellees, Selena Staley, Vivian Holmes, and Olive Ivey. Your Honor, I submit that this is a very straightforward case, and the court correctly decided it by looking at the plain language of the contract. I direct Your Honors to Joint Appendix 117, where it specifically says, and I quote, I understand that I may not seek mediation or arbitration of a permanent layoff or a no-fault termination, not and. You've heard from my colleagues who try to make it both. It is clear that either a no-fault termination or permanent layoff would exclude from arbitration, and I refer to this as an arbitration ban. The appellants have not and cannot explain why the claims that have been brought forth by the appellees should be subject, much less can be subject, to arbitration. Your Honor, again I refer Your Honors to the contract itself, to Joint Appendix 115, where it sets out the types of claims that are subject to arbitration. In it, it says under Step 6, if I'm not satisfied with the general manager's written decision in Step 5, and the complaint is based on one of the following types of claims as defined by law. The arbitration clause is based on the types of claims, not the types of defenses. The arguments being put forth by the appellants are defenses to the claims that have been asserted. If the appellants are correct in their assertions that our clients can be on layoff for 4 years, for 20 years, they win the case. But that does not change the type of claims that have been asserted. Our clients have asserted claims with respect to their no-fault termination. The question before the district court was simple. Is a claim for their right to no-fault separation pay related to a no-fault termination? I submit the answer is clearly yes. I also refer back to the no-fault separation section. JA 119. This is something that I think is crucial to understanding the flaw in appellant's argument. It says, I will not be entitled to no-fault separation pay if my permanent layoff results from, and then it lists a whole series of different things that can prevent someone from being subject to the no-fault separation pay, even though they have suffered a permanent layoff. What this does not say is that person can then seek arbitration because they can't. The only way that they are able to seek justice, to enforce the contract, is as our clients have done by bringing their claims to court. If your honors have no further questions, I thank you for your time. Thank you. Why don't we hear from each of the counsel for the appellants. One minute for rebuttal each and keep an eye on the red light. Thank you, your honor. Thank you. A cursory review of the amended complaint demonstrates that each of the allegations relate to a termination of employment. The district court's analysis on whether or not those claims fell within the scope of arbitration should have ended there, regardless of the characterizations and regardless of who will ultimately be successful in this matter. The court erred in its interpretation finding that a permanent layoff with no right of recall is excluded from arbitration and reached that error by failing to read the agreement in its entirety. If the district court considered the no-fault separation pay provision and other components within the agreement, what would be clear is that arbitration is the only mechanism to resolve claims and that a permanent layoff with no right of recall is not excluded from arbitration, but merely barred from any adjudication because of a payment for no-fault separation pay. Thank you, your honor. Thank you. Thank you, your honors. I'd like you to please look at paragraphs 264 through 282 of the amended complaint. Those are the allegations that cite the alleged wrongful conduct of the hotel, leading to the quadruple damages claim under Warren. That is a hotly disputed, of course, by the defendant appellants, but that's clearly a, that's not a no-fault layoff or a no-fault termination. Wait a minute. Upon information of belief, defendants have purposely stalled the reopening of the hotel for their own financial benefit while simultaneously causing plaintiff and other similarly situated employees to choose between their own economic survival in the short term versus receiving their job backs at their no-fault separation pay at some unknown date in the future. How is that not just saying you're trying to not pay them and you're trying to put them in a position where they either get another job, in which case they're not entitled to anything, or they sit around waiting, not knowing whether or not you're ever going to come back? I'm just wondering if you're reading too much. The allegations go on to say that the defendants lied to the plaintiffs and therefore, and it all collapses into the quadruple damages claim, therefore we're entitled to quadruple Warren violation payments. That's in essence wrongful termination. Basically, if there's an allegation that another legal violation happened, then that becomes something that becomes arbitrable? I'm just trying to think about what we have to write. Absolutely, Your Honor, because if you look at the district court's opinion, Judge Rakoff conflates the term termination and permanent layoff.  This quadruple damages claim relies upon allegations of wrongful conduct by the employer and therefore, the merits of that novel claim, which we hotly contest, are subject to arbitration. Thank you, Your Honor. Thank you very much. We'll take the case under submission, or unadvised. Thank you.